UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Dominic Young and Princeton Young,<br><br>Plaintiffs,<br><br>v.<br><br>Alexander Walls, Moshe Davis, Michael Wegner, Jeremy Riley, Davis Mueller, David Mathes, and City of Minneapolis,<br><br>Defendants. | Case No. 25-CV-1693 (PAM/EMB)<br><br>**REPORT AND RECOMMENDATION** |

Plaintiffs initiated this action by filing their Complaint on April 24, 2025. (*See* Dkt. No. 1.) Accordingly, Plaintiffs had until July 23, 2025, to serve Defendants with a summons and copy of the Complaint. *See* Fed. R. Civ. P. 4(m). On August 28, 2025—about a month after the service deadline expired—the undersigned entered the following Order:

> Plaintiffs filed their Complaint on April 24, 2025. Accordingly, they were required to serve a copy of the summons and Complaint on Defendants by July 23, 2025. See Fed. R. Civ. P. 4(m). Nothing on the docket indicates Plaintiffs have timely served Defendant Michael Wegner. On or before September 29, 2025, Plaintiffs shall provide proof of service or demonstrate good cause for an extension of time to serve Defendant Wegner. If Plaintiffs fail to comply, the Court will recommend the claims against Defendant Wegner be dismissed for failure to prosecute.

(Dkt. No. 18.)  On September 25, 2025, Plaintiffs filed an affidavit of service indicating that Defendant Wegner was served on August 1, 2025, about a week after the expiration of the service deadline.  (*See* Dkt. No. 24.)

Plaintiffs have failed to provide proof that Defendant Wegner was timely served.  By filing the affidavit, it appears Plaintiffs concede timely service did not occur.

To be sure, the 90-day service deadline is not absolute.  "[I]f the plaintiff shows good cause for the failure [to timely serve], the court must extend the time for service for an appropriate period."  Fed. R. Civ. P. 4(m).  Absent such a showing, the Court may still grant a permissive extension if the plaintiff has demonstrated excusable neglect.  *Colasante v. Wells Fargo Corp.*, 81 Fed. Appx. 611, 612 (8th Cir. 2003) (citing *Coleman v. Milwaukee Bd. of Sch. Dirs.,* 290 F.3d 932, 934 (7th Cir. 2002)).

Here, Plaintiffs did not make either showing. They did not seek an extension in response to the undersigned's show-cause order.  And although Plaintiffs responded to Defendant Walls's motion to dismiss, nothing in their memorandum discusses Defendant Wegner.[1]  (*See* Dkt. No. 21.)  While the emails attached to the declaration suggest that Defendant Wegner was "avoiding service," (Dkt. No. 22-1 at 5), there are no facts in Plaintiffs' filings

---

[1] The memorandum was filed two weeks after the show-cause order at issue.

2

supporting that contention. Because Plaintiffs failed to timely serve Defendant Wegner, and because nothing in the record suggests that Plaintiffs are entitled to a mandatory or permissive extension, the undersigned recommends that Plaintiffs' claims against Defendant Wegner be dismissed without prejudice. *See Bullock v. United States*, 160 F.3d 441, 442 (8th Cir. 1998) (affirming district court's sua sponte dismissal without prejudice under Rule 4(m)).

## RECOMMENDATION

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Plaintiff's claims against Defendant Michael Wegner be dismissed without prejudice.

Dated: October 2, 2025

*s/Elsa M. Bullard*
ELSA M. BULLARD
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).