UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Dominic Young and<br>Princeton Young,<br><br>           Plaintiffs,<br><br>v.<br><br>Alexander Walls, Moshe Davis,<br>Michael Wegner, Jeremy Riley,<br>Davis Mueller, David Mathes,<br>and City of Minneapolis,<br><br>           Defendants. | Civ. No. 25-1693 (PAM/EMB)<br><br><br><br>**MEMORANDUM AND ORDER** |

---

This matter is before the Court on Defendant Alexander Walls's Motion to Dismiss. (Docket No. 12.) For the following reasons, the Motion is granted.

**BACKGROUND**

On April 24, 2025, Plaintiffs Dominic Young and Princeton Young filed the Complaint in this matter, naming Officer Alexander Walls as a Defendant. (Compl. (Docket No. 1).) On May 30, 2025, Plaintiffs engaged a process server to effectuate service on all Defendants. (Docket No. 21 at 2.) Rule 4's 90-day-deadline to complete service expired on July 23, 2025. See Fed. R. Civ. P. 4(m). The next day, July 24, 2025, the process server emailed Plaintiffs' attorney, explaining that she could not locate Walls and that she believed he was avoiding service. (Docket No. 22-1 at 5.) She also noted that, "The last we spoke, you indicated that you'd reach out to the County Attorney to see if they would

accept service on behalf of . . . Mr. Walls." (Id.) The process server ultimately served Walls on August 1, 2025. (Docket No. 20.)

Walls moves to dismiss the claims against him under Rule 12 for insufficient service of process and to dismiss Plaintiffs' claims of assault and intentional infliction of emotional distress under Rule 12 for failure to state a claim.

## DISCUSSION

### A. Insufficient Service of Process

A defendant may move to dismiss a complaint for insufficient service of process under Federal Rule of Civil Procedure 12(b)(5). "The standard of review for a 12(b)(5) motion to dismiss is the same as that used for a 12(b)(2) motion to dismiss for lack of personal jurisdiction." Disability Support All. v. Billman, Civ. No. 15-3649, 2016 WL 755620, at *2 (D. Minn. Feb. 25, 2016) (Tunheim, J.) (citation omitted). To survive a motion to dismiss for insufficient service, "a plaintiff must plead sufficient facts to support a reasonable inference that the defendant" was properly served. Creative Calling Sols., Inc. v. LF Beauty Ltd., 799 F.3d 975, 979 (8th Cir. 2015) (quotation omitted).

Rule 4 is clear: "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m) (emphasis added). However, "if the plaintiff shows good cause for the failure [to timely serve], the court must extend the time for service for an appropriate period." Id.

2

> Good cause is likely shown when the plaintiff's failure to complete service in a timely fashion is a result of the conduct of a third person (typically the process server), the defendant has evaded service or engaged in misleading conduct, the plaintiff has diligently tried to effect service or there are understandable mitigating circumstances, or the plaintiff is proceeding pro se or in forma pauperis.

Peer v. Vilsack, 563 F. App'x 504, 505 (8th Cir. 2014) (citing Kurka v. Iowa Cnty., Iowa, 628 F.3d 953, 957 (8th Cir. 2010)). Absent such a showing, the Court may still grant a permissive extension if the plaintiff has demonstrated excusable neglect. Colasante v. Wells Fargo Corp., 81 Fed. App'x. 611, 613 (8th Cir. 2003) (citing Coleman v. Milwaukee Bd. of Sch. Dirs., 290 F.3d 932, 934 (7th Cir. 2002)).

Plaintiffs do not argue that they attempted to timely serve Walls, nor do they raise any argument as to excusable neglect. Rather, they contend that good cause exists to extend the deadline past Rule 4's 90-day limit. Plaintiffs claim that Walls attempted to avoid service but provide no facts to support that argument. Although Plaintiffs retained a process server to serve Walls, the evidence demonstrates that the process server was waiting on Plaintiffs' counsel to "reach out to the County Attorney to see if they would accept service on behalf of . . . Mr. Walls." (Docket No. 22-1 at 5.) Without sufficient evidence that Plaintiffs attempted to accomplish service before the 90-day deadline expired, the Court concludes that good cause does not exist to extend the deadline.

Thus, Plaintiffs' claims against Walls are dismissed under Rule 12(b)(5). Although Walls asks for dismissal with prejudice, the Court believes that the better course here is to dismiss the claims without prejudice. See Fed. R. Civ. P. 4(m).

**B.      Failure to State a Claim**

3

Defendants also move to dismiss Plaintiffs' claims for assault and intentional infliction of emotional distress under Fed. R. Civ. P. 12(b)(6), arguing that they are barred by the statute of limitations. Plaintiffs do not respond to this argument and thus appear to have waived it.

Courts refer to the appropriate state statute of limitations to determine the limitation period in a § 1983 action. Hardin v. Straub, 490 U.S. 536, 539 (1989). "Section 1983 claims accrue 'when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief.'" Humphrey v. Eureka Gardens Pub. Facility Bd., 891 F.3d 1079, 1081–82 (8th Cir. 2018) (quoting Wallace v. Kato, 549 U.S. 384, 388 (2007)). "In Minnesota intentional personal injury torts such as assault, battery, or intentional infliction of emotional distress are governed by a two year statute of limitations period." Strandlund v. Hawley, 532 F.3d 741, 746 (8th Cir. 2008) (citing Minn. Stat. § 541.07(1)). The events giving rise to this lawsuit occurred on April 29, 2019. (Compl. ¶ 13.) The summons in this case did not issue until April 28, 2025, six years later. (Docket No. 4.) Plaintiffs have failed to provide any reason to extend the statute of limitations, and thus the Court grants Defendants' request to dismiss the assault and intentional-infliction-of-emotional-distress claims against Walls with prejudice.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that:**

1. Defendant's Motion (Docket No. 12) is **GRANTED**;

2. Plaintiffs' claims for assault and intentional infliction of emotional distress against Defendant Walls are **DIMISSED with prejudice**;

4

3. Plaintiffs' remaining claims against Defendant Walls are **DISMISSED without prejudice**; and

4. The hearing set for October 9, 2025, is **CANCELED**.

Dated: October 7, 2025                    *s/ Paul A. Magnuson*
                                          Paul A. Magnuson
                                          United States District Court Judge